No. 371

THATCHER v. PAPPAS et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1845. Decided March 14, 1927

225. CHARGE TO JURY—Leases—Charge by court that if lessor said to lessee, that "lease is cancelled and you are under no further obligation", that would amount to a cancellation of the obligation, is reversible error, as the statement standing alone, would import no consideration and would not effect a release of lessee from compliance with the terms of the lease.

First Publication of this Opinion

LLOYD, J.

Charles Thatcher, on Aug. 31, 1920, executed to Habbib Haddad et al, a lease of a storeroom and living apartment. Immediately upon execution of the lease, defendant lessee, Habbib Haddad with consent of Thatcher assigned it to Louis Chicovsky and two others guaranteeing payment of rent. Subsequently Mike and Del Pappas were substituted for Chicovsky.

Defendant paid the first month's rent and thereafter the rent was paid by the assignee of the lease. Upon termination of the lease, there remained unpaid rentals in the sum of $575, for which amount Thatcher brought suit in the Toledo Municipal Court against Haddad, Pappas, et. Haddad appealed from this judgment to the Lucas Common Pleas where a jury returned a verdict in his favor, which judgment was entered. Error was prosecuted to reverse said judgment and the Court of Appeals held:

1. The controverted question is whether Thatcher released Haddad from his obligations under the lease at the time of the substituation of Mike and Del Pappas.

2. After stating the issues involved, the trial judge said to the jury:—"If he (Thatcher) said to the defendant that lease is cancelled and that you are under no further obligation, that would amount to a cancellation of the obligation."

3. This isolated statement of Thatcher, if made, would not operate in law to release defendant from the obligation of the lease; and if this were all of the evidence, a verdict should have been directed in favor of Thatcher.

4. Standing alone it does not import consideration and would not effect the release of defendant from compliance with the terms of the lease.

Judgment therefore reversed.

(Richards & Williams, JJ., concur.)

Attorneys—Chester A. Meck for Thatcher; Johnson, Johnson & Farber for Pappas et; all of Toledo.